# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| CREEKSIDE OPERATING, LLC, *et al*,[1] | Case No. 23-08539 |
| Debtors. | Hon. Deborah L. Thorne |
| | (Jointly Administered) |

## <u>NOTICE OF MOTION</u>

TO:     See Attached List

**PLEASE TAKE NOTICE** that on **July 23, 2025, at 1:00 p.m.**, I will appear before the **Honorable Deborah L. Thorne**, or any judge sitting in that judge's place, **either** in courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, **or** electronically as described below, and present the **TRUSTEE'S MOTION TO APPROVE SETTLEMENTS WITH (A) COMPONENT MANAGEMENT GROUP LLC, (B) RTA, INC. DBA ADAMS HEATING AND COOLING, AND (C) SCREEN GP AMERICAS, PURSUANT TO BANKRUPTCY RULE 9019 AND FOR RELATED RELIEF**, a copy of which is attached.

**Important:  Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government.  All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and passcode.

**Meeting ID and passcode**. The meeting ID for this hearing is **160 731 2971** -  no passcode required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

---

[1] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal identification number, are: Creekside Operating, LLC (3673) and Elections Operating, LLC (9427).

1

By: /s/ David R. Doyle

Ira Bodenstein
David R. Doyle
123 N. Wacker Drive, Ste. 1800
Chicago, IL 60606
Telephone: (312) 382-3100
ibodenstein@cozen.com
daviddoyle@cozen.com

*Counsel to the Trustee*

## CERTIFICATE OF SERVICE

David R. Doyle, an attorney, certifies that he caused to be served a true copy of the foregoing notice and the **TRUSTEE'S MOTION TO APPROVE SETTLEMENTS WITH (A) COMPONENT MANAGEMENT GROUP LLC, (B) RTA, INC. DBA ADAMS HEATING AND COOLING, AND (C) SCREEN GP AMERICAS, PURSUANT TO BANKRUPTCY RULE 9019 AND FOR RELATED RELIEF**, a copy of which is attached upon the attached Service List in the manner indicated on July 3, 2025.

/s/ David R. Doyle

## CM/ECF

- **Kimberly Bacher**   kimberly.bacher@usdoj.gov, kimberlyabacher@hotmail.com
- **Adam Brief**   Ustpregion11.es.ecf@usdoj.gov
- **W. Kent Carter**   kentcarter@grsm.com, jswick@grsm.com
- **Kimberly Ross Clayson**   kclayson@taftlaw.com, ttorni@taftlaw.com;det_docket_assist@taftlaw.com;KKelsey-Dennis@taftlaw.com
- **Jillian S Cole**   jcole@taftlaw.com, wserritella@taftlaw.com,chi_docket_assist@taftlaw.com,lsterling@taftlaw.com
- **Alex Darcy**   adarcy@darcydevassy.com, smccarthy@darcydevassy.com
- **Michael W Debre**   mdebre@chuhak.com, vjefferson@chuhak.com
- **Michael K Desmond**   mkd.trustee@sgrlaw.com, IL23@ecfcbis.com
- **Michael K Desmond**   mdesmond@sgrlaw.com, kokeefe@fslegal.com
- **David R Doyle**   daviddoyle@cozen.com, david-doyle-7943@ecf.pacerpro.com
- **Charles David Goerisch**   dgoerisch@lewisrice.com, david-goerisch-3234@ecf.pacerpro.com
- **William Silas Hackney**   whackney@seyfarth.com, 3877965420@filings.docketbird.com
- **Gina B Krol**   gkrol@cohenandkrol.com, gkrol@cohenandkrol.com
- **Brigid K Ndege**   brigid.ndege@bclplaw.com, deborah.field@bclplaw.com,brigid-ndege-4743@ecf.pacerpro.com
- **M. Gretchen Silver**   ustpregion11.es.ecf@usdoj.gov, gretchen.silver@usdoj.gov

2

- **Thomas E Springer**  tspringer@springerbrown.com, aoloughlin@springerbrown.com
- **Thomas E Springer**  tspringer@springerbrown.com,
  IL85@ecfcbis.com;mspringer@springerbrown.com;ecf.alert+springer@titlexi.com
- **Elisabeth M Von Eitzen**  evoneitzen@wnj.com, jnikodemski@wnj.com
- **Charles R Woolley**  rwoolley@darcydevassy.com, mwackenhut@darcydevassy.com

**<u>US Mail</u>**

Gina B. Krol
Cohen & Krol
1064 104TH Street, Suite 100
Naperville, IL 60564

Robb Krueger
Kreis Enderle
P.O. Box 4010
Kalamazoo, MI 49003-4010

Steven Katz
Masuda, Funai, Eifert & Mitchell, Ltd
203 N. LaSalle Street, Suite 1700
Chicago, IL 60601-1265

LEGAL\78757587\2

| | |
|---|---|
| In re: | Chapter 7 |
| CREEKSIDE OPERATING, LLC, et al,[2] | Case No. . 23-08539 |
| Debtors. | Hon. Deborah L. Thorne |
| | (Jointly Administered) |

**TRUSTEE'S MOTION TO APPROVE SETTLEMENTS WITH (A) COMPONENT MANAGEMENT GROUP LLC, (B) RTA, INC. DBA ADAMS HEATING AND COOLING, AND (C) SCREEN GP AMERICAS, PURSUANT TO BANKRUPTCY RULE 9019 AND FOR RELATED RELIEF**

Thomas E. Springer, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), hereby moves (the "Motion") for entry of an order pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the terms of the settlements the Trustee negotiated with (i) Component Management Group LLC ("Component"), (ii) RTA, Inc. dba Adams Heating and Cooling ("RTA"), and (iii) SCREEN GP Americas LLC ("Screen GP," and collectively, the "Transferees"), and for related relief. In support of the Motion, the Trustee respectfully states as follows:

**BACKGROUND**

1. On June 29, 2023 (the "Petition Date"), the Debtors commenced the above-captioned bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under Chapter 11 Sub V of the Bankruptcy Code.

---

[2] The Debtors in these Chapter 7 Cases, along with the last four digits of each Debtor's federal identification number, are: Creekside Operating, LLC (3673) and Elections Operating, LLC (9427).

2. On June 30, 2023, the Court approved the joint administration of the Bankruptcy Cases. *See* [Dkt. No. 13].

3. On September 6, 2023, the Bankruptcy Court entered an order converting the Bankruptcy Cases to chapter 7 of the Bankruptcy Code. [Dkt No. 74]. Thomas E. Springer was subsequently appointed as Trustee of the Estates on September 10, 2023 [Dkt No. 76].

4. This Court has jurisdiction to hear this matter and enter a final order granting the relief requested hereby pursuant to 28 U.S.C. §§ 157(b)(2) and 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

5. The Trustee is pursuing transfers received by creditors during the 90-day period prior to the Petition Date. As part of that investigation, the Trustee learned of the following transfers:

    a. Transfers by the Debtors to Component in the total amount of $37,860.69 (the "Component Transfers");

    b. Transfers by the Debtors to RTA in the total amount of $25,000.00 (the "RTA Transfers"); and

    c. Transfers by the Debtors to SCREEN GP in the total amount of $39,122.07 (the "Screen GP Transfers").

6. As part of his due diligence, the Trustee issued letters to Component, RTA and Screen GP demanding return of the transfers and requesting information about any defenses they may have under section 547(c) of the Bankruptcy Code.

LEGAL\78757587\2

## THE SETTLEMENTS

### (a) Component Management Group LLC

7.      In response to the Trustee's demand letter, Component contended that the Component Transfers are shielded from avoidance and recovery under the "subsequent new value" defense pursuant to section 547(c) of the Bankruptcy Code.  The Trustee reviewed the defenses and the evidence provided by Component. After engaging in arm's length negotiations, the parties entered into the Settlement Agreement attached hereto as Exhibit A (the "Component Settlement Agreement"). As described fully in the Component Settlement Agreement, the Trustee has agreed to settle the Estates' claims against Component (the "Component Settlement") in return for a payment by the Defendant of $15,000.00 (the "Component Settlement Amount").

### (b) RTA, Inc., dba Adams Heating and Cooling

8.      RTA asserted various defenses to avoidance and recovery of the RTA Transfers, including the subsequent new value and ordinary course of business defenses pursuant to section 547(c) of the Bankruptcy Code.  The Trustee reviewed the defenses and the evidence provided by RTA. After engaging in arm's length negotiations, the parties entered into the Settlement Agreement attached hereto as Exhibit B (the "RTA Settlement Agreement").  As described fully in the RTA Settlement Agreement, the Trustee has agreed to settle the Estates' claims against RTA (the "RTA Settlement") in return for a payment by the Defendant of $15,000.00 (the "RTA Settlement Amount").

### (c) SCREEN GP Americas LLC

9.      Screen GP contends that some of the Screen GP Transfers were payment in advance and thus were not transfers on account of an antecedent debt for purposes of section 547(b).  For the remaining transfers, Screen GP has asserted the ordinary course of business and new value

3

defenses pursuant to section 547(c)(4) of the Bankruptcy Code. The Trustee reviewed the defenses and the evidence provided by Screen GP. After engaging in arm's length negotiations, the parties entered into the Settlement Agreement attached hereto as <u>Exhibit C</u> (the "<u>Screen GP Settlement Agreement</u>"). As described fully in the Screen GP Settlement Agreement, the Trustee has agreed to settle the Estates' claims against Screen GP (the "<u>Screen GP Settlement</u>," and together with the Component Settlement and RTA Settlement, the "<u>Settlements</u>") in return for a payment by the Defendant of $2,302.61 (the "<u>Screen GP Settlement Amount</u>").

## **RELIEF REQUESTED**

10. Rule 9019(a) authorizes the Court, after a hearing on such notice as the Court directs, to approve a compromise or a settlement. The central issue in approving a bankruptcy settlement is whether the settlement is in the "best interests of the estate." *In re Energy Co-op., Inc.*, 886 F.2d 921, 927-29 (7th Cir. 1989); *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987). In order to make that determination, the Court must compare "the value of the settlement with the probable costs and benefits of litigating." *In re Doctors Hosp. of Hyde Park, Inc.*, 474 F.3d 421, 426 (7th Cir. 2007). The approval of a settlement is committed to the sound discretion of the bankruptcy court. *In re Commercial Loan Corp*, 316 B.R. 697, 698 (Bankr. N.D. Ill. 2004) (citing *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992)).

11. Courts primarily consider four factors in determining whether to approve or disapprove a settlement under Fed. R. Bankr. P. 9019(a). *In re Central Ice Cream Co.,* 59 B.R. 476, 487 (Bankr. N.D. Ill. 1985); *In re Flight Transp. Corp.,* 730 F.2d 1128, 1135-36 (8th Cir. 1984). The factors are: (a) the likelihood of success; (b) the difficulties in collection; (c) the complexity of the litigation, the expense, inconvenience and delay; and (d) the paramount interest

4

of the creditors in proper deference to their reasonable views. *In re Central Ice Cream Co.,* 59 B.R. at 487; *In re Trism, Inc.,* 282 B.R. 662, 668 (B.A.P. 8th Cir. 2002).

12.     In this case, in negotiating the Settlements, the Trustee and his counsel assessed the likelihood of prevailing if an adversary proceeding was filed against the Transferees, the cost of pursuing an adversary proceeding, and the fact that an immediate resolution could be achieved through the Settlement.  The Trustee and his counsel have spent significant time and resources investigating the circumstances surrounding the payments made to the Transferees and the asserted defenses.  The Trustee ultimately concluded that the Settlements, which were the result of arms' length negotiations conducted in good faith, are fair in all respects and represents a favorable resolution in a manner that is consistent with the best interests of the Estate and its creditors.  The Trustee respectfully submits that the Settlements "fall into the range of possible litigation outcomes," and therefore should be approved. *In re Holly Marine Towing, Inc.*, 669 F.3d 796, 801 (7th Cir. 2012).

**<u>NOTICE</u>**

13.     The Trustee has filed this Motion and related Notice not less than 20 days in advance of the hearing on this Motion, thereby giving notice to the Office of the United States Trustee and all parties requesting notice via the Court's CM/ECF electronic noticing system.  In addition, the Trustee has mailed a copy of this Motion and the Notice not less than 20 days in advance of the hearing to known counsel for the Transferees.  In light of the relief requested, the Trustee respectfully requests that the Court approve the notice provided pursuant to Fed. R. Bankr. P. 2002(a)(2) and waive and dispense with any additional notice.

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form attached hereto: (i) approving the Settlements; (ii) authorizing the Trustee

5

to perform all actions necessary to consummate and carry out the obligations set forth in the Settlements; and (iii) providing the parties with such additional relief as may be appropriate and just under the circumstances.

Dated: July 3, 2025

Respectfully submitted,

THOMAS E. SPRINGER, TRUSTEE

By:    */s/ David R. Doyle*     
        One of his attorneys

Ira Bodenstein
David R. Doyle
Cozen O'Connor
123 N. Wacker Drive, Suite 1800
Chicago, IL 60602
ibodenstein@cozen.com
daviddoyle@cozen.com
312-382-3100
*Counsel to the Trustee*

# EXHIBIT A

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of June __, 2025 (the "Effective Date") by and between Thomas E. Springer, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of Creekside Operating LLC and Elections Operating LLC (together the "Debtors") and Component Management Group LLC (the "Transferee," and together with the Trustee, the "Parties, and each a "Party").

## Recitals

**WHEREAS**, on June 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief in the U.S. Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing Case Nos. 23-08539 and 23-08542 (together, the "Bankruptcy Cases");

**WHEREAS**, on September 6, 2023, the Transferee filed proofs of claim nos. 9-1 and 11-1 against the Estate of Creekside Operating, LLC (the "Proofs of Claim");

**WHEREAS**, on September 6, 2023, the Bankruptcy Cases were converted to cases under chapter 7 of the Bankruptcy Code, and on September 10, 2023, Thomas E. Springer was appointed as chapter 7 Trustee of the Estates and continues to serve in that capacity;

**WHEREAS**, in the 90-day period prior to the Petition Date, Transferee received transfers of funds from the Debtors in the total amount of $37,860.69 (the "Transfers");

**WHEREAS**, the Trustee issued a letter to the Transferee demanding return of the Transfers pursuant to sections 547 and 550 of the Bankruptcy Code and/or requesting additional information about the Transferee's defenses that the Transferee may have;

**WHEREAS,** the Trustee alleges that he may avoid the Transfers and recover the value thereof for the benefit of the Estates under applicable federal and state law, including but not limited to chapter 5 of Bankruptcy Code (the "Avoidance Action Claims");

**WHEREAS,** pursuant to the limitations periods contained in sections 108(a) and 546(a)(1) of the Bankruptcy Code and in any other applicable statute of limitation, statute of repose or any other law or rule ("SOL"), the time within which the Trustee may commence an adversary proceeding to assert and recover on the Avoidance Action Claims shall expire on or about June 29, 2025;

**WHEREAS**, the Transferee has asserted defenses to the avoidance and recovery of the Transfers;

**WHEREAS**, after consideration of the merits of the Trustee's claims and the defenses raised by the Transferee, and in order to avoid the potential costs, risks, and delay of litigation, the Parties have agreed to resolve their disputes and claims relating to the Transfers on the terms and subject to the conditions set forth in this Agreement; and

**WHEREAS**, in order to permit the Bankruptcy Court to review and approve this Agreement prior to the expiration of the SOL on the Avoidance Action Claims, the Parties have agreed that the SOL with respect to the Avoidance Action Claims should be tolled as provided as in this Agreement.

## Agreement

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, it is stipulated and agreed by and between the Parties as follows:

1.  **Recitals.** The recitals and prefatory phrases, sentences and paragraphs set forth above are hereby incorporated in full, and made a part of, this Agreement.

2.  **Settlement Amount.** Within ten (10) business days after entry of the Approval Order, the Transferee will pay the amount of fifteen-thousand U.S. dollars ($15,000.00) (the "Settlement Amount") to "Thomas E. Springer, Chapter 7 Trustee" so that it is received by the Trustee at Springer Larsen, LLC, 300 South County Farm Road, Suite G, Wheaton, IL 60187 by such date.

3.  **Approval Order.** Within fourteen (14) days of the Effective Date, the Trustee shall file a motion in the Bankruptcy Case asking the Bankruptcy Court to enter an order (an "Approval Order") approving this Agreement pursuant to Fed. R. Bankr. P. 9019(a).

4.  **Waiver and Release of Claims by Transferee.** Except as provided by this Agreement, and subject to entry of the Approval Order, the Transferee and its successors, assigns, agents, agencies, employees, officers, members, managers, affiliates, shareholders, insurers and attorneys (collectively, the "Transferee Releasing Parties") hereby release, acquit and discharge the Debtors, the Estates, the Trustee and each of their respective professionals, representatives, successors and assigns (collectively, the "Trustee Released Parties"), of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities of any nature relating to the Transfers and the Estates (collectively, the "Transferee Released Claims"); *provided, however,* that nothing contained herein shall be deemed to release (i) any claim the Transferee may have under section 502(h) of the Bankruptcy Code; (ii) the Proofs of Claim; or (iii) any obligations the Trustee has under this Agreement.

5.  **Waiver and Release of Claims by Trustee.** Subject to entry of the Approval Order and receipt of the Settlement Amount, the Trustee and the Estate hereby release, acquit and discharge the Transferee and each of its professionals, representatives, successors and assigns (collectively, the "Transferee Released Parties"), of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities of any nature arising from the Transfers and the Estates (collectively, the "Trustee Released Claims"); *provided, however,* that nothing contained herein shall be deemed to release (i) any right of the Trustee or the Estates to object to any claim filed or asserted by the Transferee, including the Proofs of Claim, or (ii) any obligations the Transferee has under this Agreement

2

LEGAL\78590457\1

6.      **Disgorgement.** In the event that the Trustee or the Estates is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge or repay any portion of the Settlement Amount to Transferee or its estate, or if the payment of any of the Settlement Amount is avoided by Transferee or any person or entity acting on behalf of the Transferee or its estate, then this Agreement shall be null, void and of no force or effect.

7.      **No Liability.** The Parties acknowledge that this Agreement is a compromise of disputed claims and that neither Party admits, and each expressly denies, any liability on their respective parts.

8.      **Trustee Exculpation.** This Agreement is executed on behalf of the Estates by Thomas E. Springer, not personally or individually, but solely in his capacity as chapter 7 trustee of the Estates, in the exercise of the power and authority conferred upon and vested in him as the trustee of the Estates. All other parties to this Agreement agree that no personal liability or responsibility is assumed by, shall attach to, or shall at any time be asserted or enforced against the Trustee personally or individually, and/or against his attorneys, with all such personal liability, if any, being expressly waived by all other signatories to this Agreement.

9.      **Court Approval.** The effectiveness and enforceability of this Agreement are subject to entry of the Approval Order, as set forth in paragraph 3, above.

10.     **Authority.** Each signatory to this Agreement warrants that he, she or it is duly authorized (a) to execute this Agreement and to bind the persons or entities on behalf of which he, she or it signs, including, without limitation, each of the Transferee Releasing Parties specified in paragraph 4, and (b) to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

11.     **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or understandings, oral or written, contrary, different or which in any way restrict this Agreement. The undersigned further acknowledge that all prior written agreements, communications and understandings within the scope of the subject matter of this Agreement are, upon execution of this Agreement, superseded, null and void.

12.     **No Reliance.** The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this Agreement. The Parties further declare that, in making this Agreement, they relied entirely upon their own judgment, beliefs and interest and the advice of their counsel (where applicable and for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

13.     **No Construction against Drafter.** The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all of the provisions contained in this Agreement. The Parties further agree that this Agreement was the product of

LEGAL\78590457\1

negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

14. **Amendment of Agreement.** No amendment or modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

15. **Tolling.** The SOL with respect to the Avoidance Action Claims is hereby tolled, enlarged, postponed, and extended from the Effective Date so as not to expire before 11:59 p.m. (central time) on (a) the earlier of (i) September 27, 2024 or (ii) 60 days after written notice by any Party that it wishes to terminate this Agreement, or (b) such later date as the Parties may agree in writing ("Expiration Date"). The time period extending from the Effective Date until the Expiration Date shall be referred to herein as the "Tolling Period." The Transferee hereby expressly waives any time-based defense under the SOL including, but not limited to, section 546(a)(1) of the Bankruptcy Code, and agrees not to assert time-based defenses of any kind, including but not limited to laches, waiver, or estoppel, to the Avoidance Action Claims due to the passage of time during the Tolling Period. The Parties agree that: (a) the SOL, including section 546(a)(1) of the Bankruptcy Code, is not a limit on the Bankruptcy Court's jurisdiction, and can be tolled; and (b) no Party will assert any contrary position in any action, suit or proceeding whether filed in Bankruptcy Court or other court of competent jurisdiction. If a court of competent jurisdiction nonetheless holds, in a final and non-appealable order, that the court does not have jurisdiction over the Avoidance Action Claims because the Avoidance Action Claims were filed after the Effective Date, the Parties agree that: (i) the Trustee shall nevertheless have a separate, distinct contractual right and claim against Transferee for the Avoidance Action Claims; and (ii) Transferee will have a corresponding separate and distinct contractual obligation to the Trustee, in the amount and for the remedies, if any, that the Trustee would have been entitled to assert for the Avoidance Action Claims prior to the Effective Date, and obtained a final and non-appealable judgment from the court in his favor, subject to all other available rights, claims and defenses of each Party.

16. **Jurisdiction.** This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Illinois without regard to the conflicts of laws or principles thereof. The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement. In the event that the Bankruptcy Court is determined not to have jurisdiction, or the Bankruptcy Court on its own motion declines to exercise jurisdiction, then the Parties acknowledge and agree that any claims or disputes between the Parties with respect to this Agreement shall be determined in any court of competent jurisdiction located in Cook County, Illinois.

17. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

18. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

4

19. **Segregation.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the legality, validity and enforceability of the remains parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement, unless such portion of the Agreement is so material that its deletion would affect the purpose and intent of the Parties.

20. **No Waiver.** The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

Agreed to as of the Effective Date by:

Component Management Group LLC

By: _____

Its: **Attorney** _____

Thomas E. Springer, Chapter 7 Trustee for the Estates of Creekside Operating LLC and Elections Operating LLC

By: _____
Thomas E. Springer, Trustee

5

19. **Segregation.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the legality, validity and enforceability of the remains parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement, unless such portion of the Agreement is so material that its deletion would affect the purpose and intent of the Parties.

20. **No Waiver.** The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

Agreed to as of the Effective Date by:

Component Management Group LLC

By: _____

Its: _____

Thomas E. Springer, Chapter 7 Trustee for the Estates of Creekside Operating LLC and Elections Operating LLC

By: _____

Thomas E. Springer, Trustee

5

# **EXHIBIT B**

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of June 24, 2025 (the "Effective Date") by and between Thomas E. Springer, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of Creekside Operating LLC and Elections Operating LLC (together the "Debtors") and RTA, Inc. dba Adams Heating and Cooling (the "Transferee," and together with the Trustee, the "Parties, and each a "Party").

## Recitals

WHEREAS, on June 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief in the U.S. Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing Case Nos. 23-08539 and 23-08542 (together, the "Bankruptcy Cases");

WHEREAS, on September 6, 2023, the Bankruptcy Cases were converted to cases under chapter 7 of the Bankruptcy Code, and on September 10, 2023, Thomas E. Springer was appointed as chapter 7 Trustee of the Estates and continues to serve in that capacity;

WHEREAS, in the 90-day period prior to the Petition Date, Transferee received transfers of funds from the Debtors in the total amount of $25,000.00 (the "Transfers");

WHEREAS, the Trustee issued a letter to the Transferee demanding return of the Transfers pursuant to sections 547 and 550 of the Bankruptcy Code and/or requesting additional information about the Transferee's defenses that the Transferee may have;

WHEREAS, the Trustee alleges that he may avoid the Transfers and recover the value thereof for the benefit of the Estates under applicable federal and state law, including but not limited to chapter 5 of Bankruptcy Code (the "Avoidance Action Claims");

WHEREAS, pursuant to the limitations periods contained in sections 108(a) and 546(a)(1) of the Bankruptcy Code and in any other applicable statute of limitation, statute of repose or any other law or rule ("SOL"), the time within which the Trustee may commence an adversary proceeding to assert and recover on the Avoidance Action Claims shall expire on or about June 29, 2025;

WHEREAS, the Transferee has asserted defenses to the avoidance and recovery of the Transfers;

WHEREAS, after consideration of the merits of the Trustee's claims and the defenses raised by the Transferee, and in order to avoid the potential costs, risks, and delay of litigation, the Parties have agreed to resolve their disputes and claims relating to the Transfers on the terms and subject to the conditions set forth in this Agreement; and

WHEREAS, in order to permit the Bankruptcy Court to review and approve this Agreement prior to the expiration of the SOL on the Avoidance Action Claims, the Parties have agreed that the SOL with respect to the Avoidance Action Claims should be tolled as provided as in this Agreement.

<u>**Agreement**</u>

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, it is stipulated and agreed by and between the Parties as follows:

1.      <u>**Recitals**</u>.  The recitals and prefatory phrases, sentences and paragraphs set forth above are hereby incorporated in full, and made a part of, this Agreement.

2.      <u>**Settlement Amount**</u>.  Within ten (10) business days after entry of the Approval Order, the Transferee will pay the amount of fifteen-thousand U.S. dollars ($15,000.00) (the "<u>Settlement Amount</u>") to "Thomas E. Springer, Chapter 7 Trustee" so that it is received by the Trustee at Springer Larsen, LLC, 300 South County Farm Road, Suite G, Wheaton, IL 60187 by such date.

3.      <u>**Approval Order**</u>.  Within fourteen (14) days of the Effective Date, the Trustee shall file a motion in the Bankruptcy Case asking the Bankruptcy Court to enter an order (an "<u>Approval Order</u>") approving this Agreement pursuant to Fed. R. Bankr. P. 9019(a).

4.      <u>**Waiver and Release of Claims by Transferee**</u>.  Except as provided by this Agreement, and subject to entry of the Approval Order, the Transferee and its successors, assigns, agents, agencies, employees, officers, members, managers, affiliates, shareholders, insurers and attorneys (collectively, the "<u>Transferee Releasing Parties</u>") hereby release, acquit and discharge the Debtors, the Estates, the Trustee and each of their respective professionals, representatives, successors and assigns (collectively, the "<u>Trustee Released Parties</u>"), of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities of any nature, including those relating to the Transfers and the Estates (collectively, the "<u>Transferee Released Claims</u>"); *provided, however,* that nothing contained herein shall be deemed to release any obligations the Trustee has under this Agreement.

5.      <u>**Waiver and Release of Claims by Trustee**</u>.  Subject to entry of the Approval Order and receipt of the Settlement Amount, the Trustee and the Estate hereby release, acquit and discharge the Transferee and each of its professionals, representatives, successors and assigns (collectively, the "<u>Transferee Released Parties</u>"), of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities of any nature, including those arising from the Transfers and the Estates (collectively, the "<u>Trustee Released Claims</u>"); *provided, however,* that nothing contained herein shall be deemed to release (i) any right of the Trustee or the Estates to object to any claim filed by the Transferee, or (ii) any obligations the Transferee has under this Agreement

6.      <u>**Disgorgement**</u>.  In the event that the Trustee or the Estates is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge or repay any portion of the Settlement Amount to Transferee or its estate, or if the payment of any of the Settlement Amount is avoided by Transferee or any person or entity acting on behalf of the Transferee or its estate, then this Agreement shall be null, void and of no force or effect.

LEGAL\78387705\2

7. **No Liability.** The Parties acknowledge that this Agreement is a compromise of disputed claims and that neither Party admits, and each expressly denies, any liability on their respective parts.

8. **Trustee Exculpation.** This Agreement is executed on behalf of the Estates by Thomas E. Springer, not personally or individually, but solely in his capacity as chapter 7 trustee of the Estates, in the exercise of the power and authority conferred upon and vested in him as the trustee of the Estates. All other parties to this Agreement agree that no personal liability or responsibility is assumed by, shall attach to, or shall at any time be asserted or enforced against the Trustee personally or individually, and/or against his attorneys, with all such personal liability, if any, being expressly waived by all other signatories to this Agreement.

9. **Court Approval.** The effectiveness and enforceability of this Agreement are subject to entry of the Approval Order, as set forth in paragraph 3, above.

10. **Authority.** Each signatory to this Agreement warrants that he, she or it is duly authorized (a) to execute this Agreement and to bind the persons or entities on behalf of which he, she or it signs, including, without limitation, each of the Transferee Releasing Parties specified in paragraph 4, and (b) to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

11. **Entire Agreement.** This Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof. The undersigned acknowledge that there are no communications or understandings, oral or written, contrary, different or which in any way restrict this Agreement. The undersigned further acknowledge that all prior written agreements, communications and understandings within the scope of the subject matter of this Agreement are, upon execution of this Agreement, superseded, null and void.

12. **No Reliance.** The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this Agreement. The Parties further declare that, in making this Agreement, they relied entirely upon their own judgment, beliefs and interest and the advice of their counsel (where applicable and for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

13. **No Construction against Drafter.** The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all of the provisions contained in this Agreement. The Parties further agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

14. **Amendment of Agreement.** No amendment or modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

15. **Tolling**. The SOL with respect to the Avoidance Action Claims is hereby tolled, enlarged, postponed, and extended from the Effective Date so as not to expire before 11:59 p.m.

LEGAL\78387705\2

(central time) on (a) the earlier of (i) September 27, 2024 or (ii) 60 days after written notice by any Party that it wishes to terminate this Agreement, or (b) such later date as the Parties may agree in writing ("Expiration Date"). The time period extending from the Effective Date until the Expiration Date shall be referred to herein as the "Tolling Period." The Transferee hereby expressly waives any time-based defense under the SOL including, but not limited to, section 546(a)(1) of the Bankruptcy Code, and agrees not to assert time-based defenses of any kind, including but not limited to laches, waiver, or estoppel, to the Avoidance Action Claims due to the passage of time during the Tolling Period. The Parties agree that: (a) the SOL, including section 546(a)(1) of the Bankruptcy Code, is not a limit on the Bankruptcy Court's jurisdiction, and can be tolled; and (b) no Party will assert any contrary position in any action, suit or proceeding whether filed in Bankruptcy Court or other court of competent jurisdiction. If a court of competent jurisdiction nonetheless holds, in a final and non-appealable order, that the court does not have jurisdiction over the Avoidance Action Claims because the Avoidance Action Claims were filed after the Effective Date, the Parties agree that: (i) the Trustee shall nevertheless have a separate, distinct contractual right and claim against Transferee for the Avoidance Action Claims; and (ii) Transferee will have a corresponding separate and distinct contractual obligation to the Trustee, in the amount and for the remedies, if any, that the Trustee would have been entitled to assert for the Avoidance Action Claims prior to the Effective Date, and obtained a final and non-appealable judgment from the court in his favor, subject to all other available rights, claims and defenses of each Party.

16. **Jurisdiction.** This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Illinois without regard to the conflicts of laws or principles thereof. The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement. In the event that the Bankruptcy Court is determined not to have jurisdiction, or the Bankruptcy Court on its own motion declines to exercise jurisdiction, then the Parties acknowledge and agree that any claims or disputes between the Parties with respect to this Agreement shall be determined in any court of competent jurisdiction located in Cook County, Illinois.

17. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

18. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

19. **Segregation.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the legality, validity and enforceability of the remains parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement, unless such portion of the Agreement is so material that its deletion would affect the purpose and intent of the Parties.

4

20.    **No Waiver.** The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

Agreed to as of the Effective Date by:

RTA, Inc. dba Adams Heating and Cooling

Thomas E. Springer, Chapter 7 Trustee for the Estates of Creekside Operating LLC and Elections Operating LL

By: *Robert R Adams   President*

By: _____
         Thomas E. Springer, Trustee

20.    **No Waiver.** The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

Agreed to as of the Effective Date by:

RTA, Inc. dba Adams Heating and Cooling

By: _____

Thomas E. Springer, Chapter 7 Trustee for the Estates of Creekside Operating LLC and Elections Operating LL

By: _____
Thomas E. Springer, Trustee

5

# EXHIBIT C

# SETTLEMENT AGREEMENT

This Settlement Agreement (this "Agreement") is made and entered into as of June 25, 2025 (the "Effective Date") by and between Thomas E. Springer, not individually, but as chapter 7 trustee (the "Trustee") for the bankruptcy estates (the "Estates") of Creekside Operating LLC and Elections Operating LLC (together the "Debtors") and SCREEN GP Americas LLC (the "Transferee," and together with the Trustee, the "Parties, and each a "Party").

## Recitals

WHEREAS, on June 29, 2023 (the "Petition Date"), the Debtors filed voluntary petitions for relief in the U.S. Bankruptcy Court for the Northern District of Illinois (the "Bankruptcy Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing Case Nos. 23-08539 and 23-08542 (together, the "Bankruptcy Cases");

WHEREAS, on September 6, 2023, the Bankruptcy Cases were converted to cases under chapter 7 of the Bankruptcy Code, and on September 10, 2023, Thomas E. Springer was appointed as chapter 7 Trustee of the Estates and continues to serve in that capacity;

WHEREAS, in the 90-day period prior to the Petition Date, Transferee received transfers of funds from the Debtors in the total amount of $39,122.07 (the "Transfers");

WHEREAS, the Trustee issued a letter to the Transferee demanding return of the Transfers pursuant to sections 547 and 550 of the Bankruptcy Code and/or requesting additional information about the Transferee's defenses that the Transferee may have;

WHEREAS, the Trustee alleges that he may avoid the Transfers and recover the value thereof for the benefit of the Estates under applicable federal and state law, including but not limited to chapter 5 of Bankruptcy Code (the "Avoidance Action Claims");

WHEREAS, pursuant to the limitations periods contained in sections 108(a) and 546(a)(1) of the Bankruptcy Code and in any other applicable statute of limitation, statute of repose or any other law or rule ("SOL"), the time within which the Trustee may commence an adversary proceeding to assert and recover on the Avoidance Action Claims shall expire on or about June 29, 2025;

WHEREAS, the Transferee has asserted defenses to the avoidance and recovery of the Transfers;

WHEREAS, after consideration of the merits of the Trustee's claims and the defenses raised by the Transferee, and in order to avoid the potential costs, risks, and delay of litigation, the Parties have agreed to resolve their disputes and claims relating to the Transfers on the terms and subject to the conditions set forth in this Agreement; and

WHEREAS, in order to permit the Bankruptcy Court to review and approve this Agreement prior to the expiration of the SOL on the Avoidance Action Claims, the Parties have agreed that the SOL with respect to the Avoidance Action Claims should be tolled as provided as in this Agreement.

<u>**Agreement**</u>

**NOW, THEREFORE,** in consideration of the promises and mutual covenants contained herein and other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, it is stipulated and agreed by and between the Parties as follows:

1.    <u>**Recitals**</u>.  The recitals and prefatory phrases, sentences and paragraphs set forth above are hereby incorporated in full, and made a part of, this Agreement.

2.    <u>**Settlement Amount**</u>.  Within ten (10) business days after entry of the Approval Order and written notice thereof by the Trustee, the Transferee will pay the amount of two thousand three hundred and two U.S. dollars and sixty-one cents ($2,302.61) (the "<u>Settlement Amount</u>") to "Thomas E. Springer, Chapter 7 Trustee" so that it is received by the Trustee at Springer Larsen, LLC, 300 South County Farm Road, Suite G, Wheaton, IL 60187 by such date.

3.    <u>**Approval Order**</u>.  Within fourteen (14) days of the Effective Date, the Trustee shall file a motion in the Bankruptcy Case asking the Bankruptcy Court to enter an order (an "<u>Approval Order</u>") approving this Agreement pursuant to Fed. R. Bankr. P. 9019(a).

4.    <u>**Waiver and Release of Claims by Trustee**</u>.  Subject to entry of the Approval Order and receipt of the Settlement Amount, the Trustee and the Estate hereby release, acquit and discharge the Transferee and each of its professionals, representatives, successors and assigns (collectively, the "<u>Transferee Released Parties</u>"), of and from any claims, damages, actions, suits, causes of action, rights, liens, demands, obligations and/or liabilities of any nature arising from the Transfers (collectively, the "<u>Trustee Released Claims</u>"); *provided, however,* and for the avoidance of doubt, nothing contained herein shall be deemed to release (i) any right of the Trustee or the Estates to object to any claim filed by the Transferee, or (ii) any obligations the Transferee has under this Agreement

5.    <u>**Disgorgement**</u>.  In the event that the Trustee or the Estates is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge or repay the entire Settlement Amount to Transferee or its estate, or if the payment of the entire Settlement Amount is avoided by Transferee or any person or entity acting on behalf of the Transferee or its estate, then this Agreement shall be null, void and of no force or effect.

6.    <u>**No Liability**</u>.  The Parties acknowledge that this Agreement is a compromise of disputed claims and that neither Party admits, and each expressly denies, any liability on their respective parts.

7.    <u>**Trustee Exculpation**</u>.  This Agreement is executed on behalf of the Estates by Thomas E. Springer, not personally or individually, but solely in his capacity as chapter 7 trustee of the Estates, in the exercise of the power and authority conferred upon and vested in him as the trustee of the Estates.  All other parties to this Agreement agree that no personal liability or responsibility is assumed by, shall attach to, or shall at any time be asserted or enforced against the Trustee personally or individually, and/or against his attorneys, with all such personal liability, if any, being expressly waived by all other signatories to this Agreement.

8.      **Court Approval.**  The effectiveness and enforceability of this Agreement are subject to entry of the Approval Order, as set forth in paragraph 3, above.

9.      **Authority.**  Each signatory to this Agreement warrants that he, she or it is duly authorized (a) to execute this Agreement and to bind the persons or entities on behalf of which he, she or it signs, including, without limitation, each of the Transferee Releasing Parties specified in paragraph 4, and (b) to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

10.     **Entire Agreement.**  This Agreement constitutes the entire agreement of the Parties hereto as to the subject matter hereof.  The undersigned acknowledge that there are no communications or understandings, oral or written, contrary, different or which in any way restrict this Agreement.  The undersigned further acknowledge that all prior written agreements, communications and understandings within the scope of the subject matter of this Agreement are, upon execution of this Agreement, superseded, null and void.

11.     **No Reliance.**  The Parties represent and acknowledge that, in executing this Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Agreement or otherwise, other than as specifically stated in this Agreement.  The Parties further declare that, in making this Agreement, they relied entirely upon their own judgment, beliefs and interest and the advice of their counsel (where applicable and for whose expense each shall be solely responsible) and that they have had a reasonable period of time to consider this Agreement.

12.     **No Construction against Drafter.**  The Parties agree that each Party has reviewed this Agreement and that each fully understands and voluntarily accepts all of the provisions contained in this Agreement.  The Parties further agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Agreement.

13.     **Amendment of Agreement.**  No amendment or modification of this Agreement shall be binding or enforceable unless in writing and signed by the Parties.

14.     **Tolling**.  The SOL with respect to the Avoidance Action Claims is hereby tolled, enlarged, postponed, and extended from the Effective Date so as not to expire before 11:59 p.m. (central time) on (a) the earlier of (i) September 27, 2024 or (ii) 60 days after written notice by any Party that it wishes to terminate this Agreement, or (b) such later date as the Parties may agree in writing ("Expiration Date"). The time period extending from the Effective Date until the Expiration Date shall be referred to herein as the "Tolling Period."  The Transferee hereby expressly waives any time-based defense under the SOL including, but not limited to, section 546(a)(1) of the Bankruptcy Code, and agrees not to assert time-based defenses of any kind, including but not limited to laches, waiver, or estoppel, to the Avoidance Action Claims due to the passage of time during the Tolling Period. The Parties agree that: (a) the SOL, including section 546(a)(1) of the Bankruptcy Code, is not a limit on the Bankruptcy Court's jurisdiction, and can be tolled; and (b) no Party will assert any contrary position in any action, suit or proceeding whether filed in Bankruptcy Court or other court of competent jurisdiction. If a court

of competent jurisdiction nonetheless holds, in a final and non-appealable order, that the court does not have jurisdiction over the Avoidance Action Claims because the Avoidance Action Claims were filed after the Effective Date, the Parties agree that: (i) the Trustee shall nevertheless have a separate, distinct contractual right and claim against Transferee for the Avoidance Action Claims; and (ii) Transferee will have a corresponding separate and distinct contractual obligation to the Trustee, in the amount and for the remedies, if any, that the Trustee would have been entitled to assert for the Avoidance Action Claims prior to the Effective Date, and obtained a final and non-appealable judgment from the court in his favor, subject to all other available rights, claims and defenses of each Party.

15. **Jurisdiction.** This Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Illinois without regard to the conflicts of laws or principles thereof. The Parties acknowledge and agree that the Bankruptcy Court shall have exclusive jurisdiction to hear and determine any claims or disputes between the Parties with respect to this Agreement. In the event that the Bankruptcy Court is determined not to have jurisdiction, or the Bankruptcy Court on its own motion declines to exercise jurisdiction, then the Parties acknowledge and agree that any claims or disputes between the Parties with respect to this Agreement shall be determined in any court of competent jurisdiction located in Cook County, Illinois.

16. **Binding Effect.** This Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

17. **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile and/or electronic mail, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

18. **Segregation.** Should any provision of this Agreement be declared or be determined by any court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the legality, validity and enforceability of the remains parts, terms or provisions shall not be affected thereby and said illegal, unenforceable or invalid part, term or provision shall be deemed not to be a part of this Agreement, unless such portion of the Agreement is so material that its deletion would affect the purpose and intent of the Parties.

19. **No Waiver.** The Parties agree that no breach of any provision hereof can be waived except in writing. The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

Agreed to as of the Effective Date by:

SCREEN GP Americas LLC

By: _____

Thomas E. Springer, Chapter 7 Trustee for the Estates of Creekside Operating LLC and Elections Operating LL

By: _____
Thomas E. Springer, Trustee

4